UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02380-WYD

ROBERT MCBRIDE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

    Defendant.

_____

**ORDER**
_____

I.    INTRODUCTION

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Plaintiff's application filed in April 2003 (transcript ["Tr."] 28-29), was denied initially.  (*Id.* 43-46.)

After a hearing held June 23, 2004 (Tr. 617-37), the Administrative Law Judge ["ALJ"] issued a decision on January 7, 2005, that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* at 22.)  This is discussed in more detail in the following section.

After considering additional evidence Plaintiff submitted with his request for review, the Appeals Council on September 30, 2005, determined that there was no

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been substituted for former Commissioner Jo Anne B. Barnhart pursuant to FED. R CIV. P. 25(d)(1).

basis for changing the ALJ's decision. (Tr. 5-8). This is also discussed in more detail below. The ALJ's decision then became the final administrative decision, 20 C.F.R. § 404.981, and the case is ripe for judicial review pursuant to 42 U.S.C. § 405(g).

II.     THE UNDERLYING DECISIONS

The ALJ noted that Plaintiff alleged an inability to work due to posttraumatic stress disorder ["PTSD"], anger, depression and fighting with management. (Tr. at 16.) The ALJ found at step one of the five-step sequential analysis required by law that Plaintiff had not performed any substantial gainful activity ["SGA"] since the alleged onset date of disability, September 1, 2002. (Tr. at 16, 20.)

At step two, the ALJ found that Plaintiff had severe impairments consisting of an affective disorder (depression) and an anxiety disorder (posttraumatic stress disorder). (Tr. 19.) The ALJ also found that Plaintiff "does not have an enduring physical impairment that limits function." (*Id.* 18.)

At step three, the ALJ found that Plaintiff's severe impairments, either singly or in combination with other impairments, did not meet or equal a Medical Listing. (Tr. at 19.) He stated that Plaintiff's impairments were considered under Listing 12.04 describing affective disorders and Listing 12.06 describing anxiety disorders. (*Id.*)

The ALJ then assessed Plaintiff's residual functional capacity ["RFC"] and credibility. (Tr. at 19-20.) First, as to credibility, the ALJ found that "the claimant's allegations that his impairments, either singly or in combination, produce symptoms and limitations of sufficient severity to prevent all work activity is inconsistent with the

medical and other evidence and it is not considered fully persuasive or credible." (*Id.* at 19.)  Plaintiff was found to have the RFC:

> for unskilled jobs with a specific vocational preparation (SVP) rating of 2 or less and no more than minimal supervision where he can avoid dealing with the general public and have no more than occasional dealings with coworkers.

(*Id.* at 20.)

Proceeding to step four, the ALJ found that Plaintiff has a relevant history of gainful employment, performed long enough to be learned, as a skilled environmental compliance worker." (Tr. at 20.)  The ALJ discussed the fact that the vocational expert ["VE"] at the hearing testified that Plaintiff would be unable to perform that work. (*Id.*) The ALJ agreed and turned to an assessment at step five of whether Plaintiff could perform other work that exists in significant numbers in the national economy. (Id.)

The ALJ noted that Plaintiff was a person closely approaching retirement age and was of advanced age on the date that disability is alleged. (Tr. 20.)  He has a high school education and no transferable skills. (*Id.*)  The VE who testified found in response to a hypothetical question that a hypothetical person with Plaintiff's vocational skills could perform the duties of an unskilled, medium laundry worker, an unskilled photocopy machine operator, and unskilled, light electronics worker. (*Id.*)  The ALJ accepted the opinion of the VE, attributed the characteristics of the hypothetical question to Plaintiff, and found that there are a significant number of jobs that Plaintiff can perform. (*Id.* at 21.)  Accordingly, the ALJ found that Plaintiff "has not been

disabled at any time [since] September 1, 2002, and continuing through the date of this decision." (*Id.*)

After the ALJ's decision was issued, Plaintiff tendered new and additional information to be considered on review by the Appeals Council, including a letter from Plaintiff's treating psychiatrist Dr. Villareal. (Tr. 608-09.) The Appeals Council did not find the evidence persuasive and upheld the ALJ's unfavorable decision. (*Id.* 6-8.) It stated the evidence:

> does not provide a basis for changing the Administrative Law Judge's decision. The Administrative Law Judge had considered the VA determination of disability. The Council notes that the Administrative Law Judge considered the entire record including demonstrated functioning in the treatment record and activities of daily living, and was assisted by Medical Expert testimony.

(*Id.* 6.)

III.   ANALYSIS

   A.   Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other

evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

B.  <u>Whether the ALJ's Decision is Supported by Substantial Evidence</u>

My review of the record reveals a number of errors that require the Commissioner's decision to be reversed and remanded for a rehearing.

1. <u>Whether the Appeals Council Erred in Determining that New and Material Evidence Did Not Provide for a Basis for Reversal or Remand for a New Hearing</u>

It is undisputed that Plaintiff submitted new medical evidence to the Appeals Council in connection with his request for review. (Tr. 608-09.) Specifically, on June 1, 2005, Dr. Villareal, staff psychiatrist for the Albuquerque, New Mexico Veterans Administration Medical Center, authored a letter "to whom it may concern." (*Id.* at 608.) In his letter Dr. Villareal related that he had been Plaintiff's psychiatrist since March, 2003, and met with him regularly for counseling and medication management. (*Id.*) Despite this treatment, Plaintiff continued to have "chronic symptoms of PTSD" including daily intrusive memories, hypervigilance, nightmares, ongoing problems with sleep and maintenance, irritability and anger, social isolation, avoidance, depression, and guilt. (*Id.* 608-09). Dr. Villareal opined that Plaintiff's PTSD symptoms made him unable to work except in situations "in which he is completely isolated." (*Id.* 609). He

-5-

also opined that Plaintiff had a GAF of 45 (*id.*), indicating serious problems with functioning.

As stated in Section II, *supra*, the Appeals Council did not find the evidence persuasive and upheld the ALJ's unfavorable decision. (Tr. 6-8.) It found that the evidence did not provide a basis for changing the ALJ's decision. (*Id.* at 6.) It further found that the ALJ considered the VA determination of disability and the entire record, and that the ALJ was assisted by Medical Expert testimony. (*Id.*)

Plaintiff argues that the Appeals Council erred in failing to remand the case for further consideration in light of this evidence. Specifically, he argues that the evidence is both new and material and necessitates a remand for its consideration. I agree.

A claimant may submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). "If the evidence relates to the period on or before the date of the decision, the Appeals Council 'shall evaluate the entire record including the new and material evidence submitted . . . [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (quotation omitted).

"If the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision." *Id.* "This decision, in turn, is reviewed for substantial evidence, based on 'the record viewed as a whole.'" *Id.* (quotation omitted). "[T]he new evidence becomes part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence. *Id.* at 859; *see also*

*Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).  In *O'Dell*, the Tenth Circuit noted that consideration of the new evidence submitted to the Appeals Council did not require a change in the outcome because the ALJ's determination "remains supported by substantial evidence."  *Id.* at 859.

In the case at hand, it is undisputed that Dr. Villareal's opinion was new evidence.  The Commissioner argues, however, that the evidence was duplicative of evidence already in the record, "including the 2001-02 reports from treatment providers at the VA medical center who stated that Plaintiff had marked limitations in social functioning . . . . "  Def.'s Response Br. at 22.  However, as the Commissioner noted, those reports were dated prior to the alleged onset date of disability.  As such, the ALJ was not required to give those reports any weight, and there is no indication that he did so in the record.

Dr. Villareal's report indicates treatment of Plaintiff from March 2003, and thus was relevant to the alleged period of disability.  It is the only treating source's opinion as to Plaintiff's impairments (as distinguished from mere treatment notes) that is contained in the record.  As such, I find Dr. Villareal's opinion is not duplicative of other evidence.

I also find that Dr. Villareal's report was material.  I agree with Plaintiff that the report contradicts the underlying assumptions of the ALJ's decision.  The ALJ noted that "[t]he claimant has not been given any functional limitations by his examining and treating sources" and that "it appears his treatment has been quite effective."  (Tr.  20.) The report of Dr. Villareal obviously contradicts this, finding serious symptoms that

Plaintiff continues to experience as a result of his PTSD and opining that Plaintiff can only work in situations in which he is completely isolated and no one else is around. (*Id.* 608-09.) This is much more restrictive than the RFC found by the ALJ. Further, the ALJ appeared to believe that Plaintiff did not have treatment for his PTSD since November 2002. (*Id.* 20.) Dr. Villareal's report shows that Plaintiff continued to get treatment for his PTSD and depression. Based on the foregoing, I find that the report of Dr. Villareal as a treating physician may well have changed the outcome.

I further find that the ALJ's decision, when considered in conjunction with this report, is not supported by substantial evidence. Since there were no treating opinion assessments, the ALJ relied on a report of a nonexamining physician Dr. Ryan for his conclusion as to the RFC. However, that type of opinion is entitled to the least weight, and must be supported by the medical evidence. *See Lee v. Barnhart*, No. 03-7025, 2004 WL 2810224, at * 3 (10th Cir. 2004); *Valdez v. Barnhart*, 62 Fed. Appx. 838, 2003 WL 366751 at *2 (10th Cir. 2003) (citing 20 C.F.R. § 416.927(d)(1) and (2)). Since the record now contains a treating physician's opinion, which is generally entitled to greater weight and was not considered by the ALJ, the nonexamining physician's opinion does not provide substantial evidence to support the ALJ's decision.

I also note that the Appeals Council did not discuss or acknowledge the fact that Dr. Villareal is a treating physician, or how that impacted the ALJ's finding. The Council also did not give specific and legitimate reasons for why it found that Dr. Villareal's decision would not provide a basis for changing the ALJ's decision. Indeed, as Plaintiff notes, the Appeals Council appeared to be under the mistaken impression

that Dr. Villareal's opinion was merely a "VA determination of disability" (tr. at 6), rather than the opinion of a treating physician.  Finally, I agree with Plaintiff that the Appeals Council's statement that a medical expert testified at the hearing is wrong.

The Commissioner argues, however, that Dr. Villareal's opinion that Plaintiff was "severely impacted in all areas" was not supported by corresponding treatment notes or the evidence as a whole."  Def.'s Response Br. at 24.  However, Dr. Villareal opined as to ongoing treatment of Plaintiff.  As such, it is presumable that he has treatment notes which support his opinion.  This issue must be developed on remand, as the ALJ has a duty to develop the record as to material issues.  *See Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996) ("[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention).  I also reject the Commissioner's argument that Dr. Villareal's opinion was based merely on Plaintiff's subjective complaints.  First, the Commissioner's decision must stand or fall based on the reasons given by the ALJ or the Appeals Council, and the Appeals Council did not reference this issue.  *See Knipe v. Heckler*, 755 F.2d 141, 149 n. 16 (10th Cir. 1985).  Second, the letter of Dr. Villareal does not state or imply that his opinion is based merely on Plaintiff's subjective complaints, and the medical notes the Commissioner reference state that Plaintiff presents a history *and clinical record* consistent with PTSD.

Based on the foregoing, I find that this case must be remanded to the Commissioner.  On remand, the Commissioner shall rehear the case and properly weigh the impact of Dr. Villareal's opinion as treating physician on the RFC and Plaintiff's ability to work.  If Dr. Villareal's opinion that Plaintiff can only work in

situations in which he is completely isolated and no one else is around is properly supported, it may well be that Plaintiff cannot perform work that exists in significant numbers in the regional and/or national economy.  This must be addressed on remand.[2]

### 2. Whether the ALJ Improperly Analyzed Whether Plaintiff's Impairment Met an Applicable Medical Listing

As stated previously the ALJ found that Plaintiff's PTSD and other mental impairments did not meet the Applicable Listings.  The ALJ identified Listings 12.04 and 12.06 as those he considered, but he did not identify any evidence which led him to the conclusion that Plaintiff did not meet these Listings.  On remand, the ALJ must consider the impact of Dr. Villareal's opinion on the issue of whether Plaintiff meets the Listings. The ALJ shall also state what evidence he relies on to support his findings at step three to provide meaningful review on appeal.  *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

### 3. Whether the ALJ Erred in Assessing Plaintiff's Credibility

The ALJ found claimant's testimony to be not credible.  In arriving at this finding, the ALJ noted that Plaintiff had cut down trees, rode his motorcycle, and reported

---

[2] On remand the ALJ shall also weigh the opinion of the Veterans Administration that Plaintiff was disabled.  While this opinion is not entitled to dispositive weight, it still must be weighed by the Commissioner.  *See Miller v. Barnhart*, 43 Fed. Appx. 200, 2002 WL 1608452, at *3 (10th Cir. 2002) ("opinions from any medical source on issues reserved to the Commissioner must never be ignored . . . . The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner").  It appears from the ALJ's opinion that he did not weigh that opinion. (Tr. 16.) Further, the ALJ shall assess the impact of the GAF scores of 40 assigned to Plaintiff eight months prior to his alleged onset date and 45 assigned by Dr. Villareal and the impact of that on Plaintiff's ability to work.  The Tenth Circuit has indicated that a GAF score of fifty or less suggests an inability to keep a job. *Lee v. Barnhart*, 117 Fed. Appx. 674, 678, 2004 WL 2810224(10th Cir. 2004).

feeling better after ceasing his employment. Plaintiff argues that the ALJ's credibility analysis mischaracterizes the evidence and is not supported by substantial evidence. Further, it is argued that it is improper for the ALJ to base his credibility decision by picking and choosing aspects of the evidence to believe, relying on only those parts favorable to a finding of nondisability.

I agree with Plaintiff that the ALJ selectively applied the evidence and often mischaracterized the nature of Plaintiff's activities. For example, Plaintiff did not allege any physical limitations, and there is thus little to no relevance to his activities of cutting down trees on his property. The ALJ also referred to Plaintiff's participation in a single Veteran's Day parade as supporting his credibility finding, while ignoring the evidence that Plaintiff could not attend the parade for very long due to the crowds. As to Plaintiff's motorcycle riding, the ALJ ignored Plaintiff's testimony that riding a motorcycle is his only form of transportation, and that he enjoyed it because of the "solitude." (Tr. 631.) Thus, motorcycle riding could actually support Plaintiff's allegations of isolation and avoidance of others. Finally, "sporadic diversions do not establish that a person is capable of engaging in substantial gainful activity." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citing *Broadbent v. Harris*, 698 F.2d 407 (10th Cir. 1983)).

I also find error with the ALJ's citation of the medical evidence in finding Plaintiff not credible. I agree with Plaintiff that the ALJ took snippets of Plaintiff's medical record and used them out of context to paint a portrait of someone who was basically functioning very well. This was improper. *Lee*, 2004 WL 2810224, at *3 n. 2.

For example, the ALJ cited the fact that after an adjustment at work in July 2002, Plaintiff reported decreased stress and anxiety. (Tr. 18.) While true, the ALJ omits any mention of the notes from the very next counseling session which showed that Plaintiff was continuing to have difficulty at work. (*Id.* 565.) More importantly, the ALJ cites evidence that in November 2002 Plaintiff had good current functioning. (*Id.* 18.) However, the ALJ ignores the fact that Plaintiff reported he quit work in August 2002 (*id.* 564), which may be the reason his condition was better. As Plaintiff points out, evidence that he was better after leaving employment is only evidence contradicting Plaintiff's allegations if one presupposes that Plaintiff is not disabled. Otherwise, the fact that Plaintiff felt less anxiety and symptoms after leaving employment fully supports his allegation that work caused him too much stress and anger to continue to do it.

Lastly, I find error with the ALJ's characterizations of Plaintiff, such as the fact that he "portrayed himself as disabled" in the fall of 2002 or that Plaintiff was "building his disability case". (Tr. 17). There is no evidence that Plaintiff was "portraying" himself as disabled, as compared to really having impairments. Further, a claimant should not be penalized for seeking disability, and the statement that a claimant is "building" a disability case unfairly implies that the claimant is seeking disability for a nefarious purpose. These statements call into question whether the ALJ conducted a fair and impartial review of the evidence.

Based on the foregoing, I find that the ALJ's credibility determination is erroneous, and is not supported by substantial evidence. Therefore, this claim must be remanded for a proper consideration of Plaintiff's credibility.

IV.     CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded to the Commissioner for further fact finding and analysis.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for a rehearing pursuant to 42 U.S.C. § 405(g).

Dated May 3, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge